152 P.3d 601

**Alan W. WILSON, Plaintiff–Appellant,**

v.

**J.R. SIMPLOT CO., Defendant–Respondent.**

**No. 31774.**

Supreme Court of Idaho,
Boise, January 2007 Term.

Jan. 30, 2007.

E. Lee Schlender, Mountain Home, for appellant.

Cantrill, Skinner, Sullivan & King, LLP, Boise, for respondent. Robert D. Lewis argued.

SCHROEDER, Chief Justice.

Alan W. Wilson appeals from an order granting a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice. The order granting the new trial is affirmed.

## I.

## FACTS AND PROCEDURAL HISTORY

On July 16, 2003, a cattle truck driven by an employee of the J.R. Simplot Company (Simplot) collided with a Toyota pickup being driven by Alan Wilson (Wilson). Wilson's primary injuries were a forehead laceration and a compression fracture of his T12 vertebra. He filed this action seeking to recover damages. Simplot admitted liability, and on November 30, 2004, the case went to trial on the issue of damages.

Wilson's forehead laceration had required several stitches. He testified at trial that it was "pretty well healed." In 1983 Wilson had fractured his L1 vertebra in an automobile accident. The fracture had been repaired by fusing together his T12, L1, and L2 vertebrae. The 2003 accident did not break that fusion, but the fusion did put more stress on his fractured T12 vertebra. The fracture was treated with a body brace to stabilize the spine while it healed. Wilson could remove the brace for bathing and sleeping. The fracture had healed by February 2004, and he was permitted to stop using the brace. Wilson testified at trial that he was still experiencing some pain from the fracture, but he was not taking any medications for the pain. His orthopedic surgeon testified that it usually took a year or two to see whether such pain was permanent. The surgeon could not opine that the fracture at T12 would cause any future medical problems.

After a two-day trial, the jury returned its verdict awarding Wilson $15,400 in economic damages and $250,000 in non-economic damages. The economic damages included his medical expenses and property damage. The district court entered a judgment in conformity with the verdict.

Simplot moved for a judgment n.o.v., or in the alternative a new trial, or in the alternative a remittitur. The motion for a new trial alleged that the damages were excessive and appeared to have been given under the influence of passion or prejudice and that there was an insufficiency of the evidence to justify the damages. The district court denied the motion for judgment n.o.v. and declined to grant a remittitur. It did, however, grant the motion for a new trial on the ground that the non-economic damages were excessive and appeared to have been given under the influence of passion or prejudice. Wilson appealed.

## II.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN GRANTING A NEW TRIAL

 In *Dinneen v. Finch*, 100 Idaho 620, 625–26, 603 P.2d 575, 580–81 (1979) (emphasis in original; citations omitted), the Court stated:

Where a motion for a new trial is premised on inadequate or excessive damages, the trial court *must* weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand. It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient. A trial court is not restricted to ruling a verdict inadequate or excessive "as a matter of law." Additionally, the rule that a verdict will not be set aside when supported by substantial but conflicting evidence has no application to a trial court ruling upon a motion for a new trial.

"This Court will not reverse a trial court's order granting or denying a motion for new trial 'unless the court has *manifestly* abused the wide discretion vested in it.'" *Myers v. Workmen's Auto. Ins. Co.,* 140 Idaho 495, 506, 95 P.3d 977, 988 (2004) (quoting *Quick v. Crane,* 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986)) (emphasis in original).

In its memorandum opinion the district court stated that at the conclusion of oral arguments it "made notes to itself that an award in excess of $100,000 would warrant a new trial. Those notes were based upon the Court's perception that a larger verdict would have been the result of passion or prejudice on the part of the jury." Wilson argues that the district court granted a new trial simply because the jury's award "was more than the Judge would have awarded." However, the district court's opinion indicates that it gave substantial weight to the jury's verdict:

> The Court's decision to overturn the jury's verdict was not lightly reached. Our jury system is deserving of respect, and a judge should not readily substitute its opinion or damage award for that of a jury. Despite this Court's views during trial as to the figure that would trigger a new trial, this Court has wrestled with the subjective question of whether this Court is simply substituting its determination of the measure of damages for that of the jury. This Court's respect for the jury process has made difficult an otherwise easy decision.

■ The district court observed that the jury may have been prejudiced against the defendant which is a large corporation and commented that statements by Wilson's counsel as to the type of damages that might be appropriate if the defendant's founder had been injured may have aroused the passions of the jury. Wilson argues that there is no evidence in the record of any actual passion or prejudice. In *Dinneen v. Finch,* the Court stated "It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient." 100 Idaho at 625–26, 603 P.2d at 580–81. If the trial court's determination of damages is so substantially different from that of the jury that it can only explain this difference as resulting from passion or prejudice on the part of the jury against a party, the trial court should grant a new trial. *Quick,* 111 Idaho 759, 727 P.2d 1187. In this case the district court found, "[T]he Court does not hesitate to say that the size of the verdict shocked the Court. The excessively large award can only be explained as resulting from passion or prejudice."

■ Wilson argues that the amount awarded by the jury was only "slightly more than twice what the Court would have awarded in a bench trial." However, the district court did not say it would award $100,000. Rather, that was the maximum award that could be awarded in the absence of passion or prejudice. "How substantial this difference must be [between the jury's award and the trial judge's determination of damages] is impossible to formulate with any degree of accuracy. It will necessarily vary with the factual context of each case and the trial judge's sense of fairness and justice." *Quick,* 111 Idaho at 769, 727 P.2d at 1197. The difference in this case is large enough that the district court could reasonably determine that the damages were so excessive that they appeared to have been given under the influence of passion or prejudice.

Wilson has failed to show that the district court abused its discretion in granting the motion for a new trial.

### III.

### CONCLUSION

The order granting a motion for a new trial is affirmed. The respondent is awarded costs on appeal.

Justices TROUT, BURDICK and JONES and Justice Pro Tem WALTERS concur.